IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00378-BNB

JUAN QUINTANA-NAVARETTE,

    Applicant,

v.

K. JOHNSON, Acting Warden,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 8 2009

GREGORY C. LANGHAM
CLERK

---

### ORDER OF DISMISSAL

---

Applicant Juan Quintana-Navarette is a prisoner in the custody of the United States Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institution in Englewood, Colorado. Mr. Quintana-Navarette has filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on February 26, 2009, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On March 13, 2009, Respondent filed a Preliminary Response. Mr. Quintana-Navarette filed a Reply on March 25, 2009. Magistrate Judge Boland instructed Respondent to file a Supplement to the Preliminary Response, which he did

on April 23, 2009, and Mr. Quintana-Navarette filed a Supplement to his Reply on May 1, 2009.

The Court must construe the Application, Reply, and Supplemental Reply liberally because Mr. Quintana-Navarette is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Quintana-Navarette is challenging the BOP's refusal to grant him fifty-four days of good-time credit each year. He further asserts that because he elected to withdraw from the General Equivalency Degree (GED) program, after he had completed 240 hours in the program without obtaining a GED, he is only given forty-two days of good-time credit each year. Mr. Quintana-Navarette also asserts that because he "failed" the GED program he is being denied placement at a prison camp. Mr. Quintana-Navarette contends that he has exhausted his administrative remedies regarding his claims by filing cop-outs and BP-8, -9, -10, and -11 forms.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other

2

critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91.

The BOP administrative remedy procedure is available to Mr. Quintana-Navarette. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if he is not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Mr. Quintana-Navarette asserts that he filed numerous cop-outs, which he claims were informal attempts to resolve his placement and good-time credits issues. (Application at 13.) He also has attached copies of multiple inmate requests to the unit manager, the case manager, and the supervisor of the education department (Application at 17, 19, and 21), and copies of two informal resolution attempts, B-8 forms, (Application at 13-16), that address either placement or good-time credits or both. Mr. Quintana-Navarette also asserts that no one responded to his cop-outs or informal resolution attempts. (Application at 4.) He contends that the warden did not respond to his request for administrative remedy, a B-9 form, within the time limitation,

3

so he proceeded with his appeal to exhaust his administrative remedies. (Application at 4.) Mr. Quintana-Navarette has attached a copy of a BP-9 form that he claims he submitted to the warden to which the warden did not respond or return to him. (Application at 12 and 18.) Mr. Quintana-Navarette further asserts in his Reply that he filed a request for administrative remedy at all three levels including the BP-9 form he filed with the warden in Remedy # 513411-F1 and the appeals he filed in Remedy # 519535 with both the regional office and the national office. (Reply at 2.)

According to the BOP records submitted by Respondent in support of the Preliminary Response, Mr. Quintana-Navarette has filed four separate requests for administrative remedy. (Supplemental Prelim. Resp. (Administrative Remedy Generalized Retrieval Sanitized Format) Ex. A2 at 6.) Three of the requests pertain either to his placement in a camp, to his custody classification, or to his participation in the GED program. (Supplemental Prelim. Resp. Ex. A2 at 6.) Although a BP-9 form was received by the BOP staff on October 27, 2008, from Mr. Quintana-Naverette, in Remedy # 513411, the request for administrative remedy was rejected. (Supplemental Prelim. Resp., Ex. A2 at 6.) Furthermore, the BOP records do not show that a BP-9 form was received by BOP staff subsequent to Mr. Quintana-Navarette signing the BP-9 form on November 13, 2008. (Ex. A2 at 6.)

Respondent further contends that had Mr. Quintana-Naverette submitted the BP-9 form that he signed on November 13, 2008, a remedy number would have been assigned to the form, or request, whether or not the issue was resolved or rejected, and even if the BOP did not respond within the time allowed. (Supplemental Prelim. Resp. at 2.) Respondent concludes that Mr. Quintana-Navarette did not submit the BP-9 form

4

he signed on November 13, 2008, and that he did not exhaust his administrative remedies, because he is required to present the issue at the institution level first before appealing to the regional and national level. (Supplemental Prelim. Resp. at 2-3.)

The Court finds that although Mr. Quintana-Navarette attached a copy of a BP-9 form dated November 13, 2008, to his Application, he does not acknowledge the form in his Reply to Respondent's Preliminary Response. He asserts rather that he exhausted his remedies because he filed Remedy # 513411 at the institution level, which was received by BOP staff on October 27, 2008, and Remedy # 519535 at the regional and national level. Mr. Quintana-Navarette also attached to his Application a copy of a document that is dated October 29, 2008, in which he states that he was instructed in the BOP's response to his BP-9 form that he must refile within five days, after he filed a an informal request or BP-8 form and received a response from BOP staff. (Application at 13.) Mr. Quintana-Navarette does not assert, however, that he attempted to refile the request in Remedy # 519535 but was unable to do so in a timely manner. He simply has attached a copy of what appears to be a new BP-9 form dated November 13, 2008, in which he states that he has attached copies of unresolved BP-8 documents plus the cop-outs that he filed. (Application at 12.)

Although in the Supplemental Reply Mr. Quintana-Navarette argues generically that the BOP administrative remedy procedure is a "broken system" and that his showing that the November 13, 2008, BP-9 form was filed is just as "strong" as Respondent's showing that the form was not filed (Supplemental Reply at 2), he fails to assert any specific details regarding to whom he gave the BP-8 and BP-9 forms and on what date he gave them the forms. Furthermore, Mr. Quintana-Naverette does not

5

assert that he inquired about the delay in any BOP staff member responding to his informal requests, or BP-8 forms. Furthermore, none of the copies of the cop-outs, the informal resolution attempt forms, BP-8 forms, and the BP-9 form Mr. Quintana-Navarette has attached are dated or signed as received by a BOP staff member. Mr. Quintana-Naverette does not assert that he requested that the forms he submitted be signed and dated by a BOP staff member and that the staff member refused to do so. Nothing on any of the documents submitted by Mr. Quintana-Naverette indicate that he submitted the forms to any BOP staff member.

Based on the above stated findings, the Court finds that Mr. Quintana-Navarette fails to demonstrate that he has exhausted his administrative remedies. Furthermore, he still is able to complete exhaustion of his administrative remedies. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies properly. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 17 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00378-BNB

Juan Quintana-Navarette
Reg No. 33599-013
FCI Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/18/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk