IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00378-ZLW

JUAN QUINTANA-NAVARETTE,

    Applicant,

v.

K. JOHNSON, Acting Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2009

GREGORY C. LANGHAM
               CLERK

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

The matter before the Court is the *pro se* Motion for Reconsideration filed with the Court on June 29, 2009, by Applicant Juan Quintana-Navarette. Mr. Quintana-Navarette is a prisoner in the custody of the United States Bureau of Prisons, who currently is incarcerated at the Federal Correctional Institution in Englewood, Colorado. He seeks reconsideration of the Order of Dismissal and the Judgment filed on June 18, 2009, denying his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Motion liberally because Mr. Quintana-Navarette is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

The Court denied the Application and dismissed the action without prejudice for failure to exhaust BOP administrative remedies. The reasons for the dismissal are explained in detail in the Order of Dismissal filed on June 18, 2009.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The June 18, 2009, Order of Dismissal and the Judgment denied the Application and dismissed the action without prejudice. The instant Motion was filed on June 29, 2009, which is within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). The Motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in an application and that seeks to challenge the legal correctness of a court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver*, 952 F.2d at 1244. Upon consideration of the Motion and the entire file, the Court finds and

2

concludes that Mr. Quintana-Navarette fails to demonstrate some reason why the Court should alter or amend the June 18, 2009, Order of Dismissal and the Judgment in this action. Respondent has met the burden of proof on the affirmative defense of exhaustion. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Applicant's Motion for Reconsideration is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this 15 day of July, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00378-ZLW

Juan Quintana-Navarette
Reg No. 33599-013
FCI Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/15/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk